IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC DEAN,<br><br>               Petitioner,<br><br>    vs.<br><br>WARDEN,[1]<br><br>               Respondent. | No. 9:15-cv-01519-JKS<br><br>MEMORANDUM DECISION |

       Cedric Dean, a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. In his Petition before this Court, Dean does not contest his judgment of conviction but rather challenges the constitutionality of a prison disciplinary hearing arising out of his threat of another inmate while incarcerated at Pollack Federal Correctional Institution ("FCI") in Louisiana. Respondent has answered, and Dean has replied.

       Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States," may seek habeas corpus review. 28 U.S.C. § 2241(c)(3). Relief under § 2241 is available to a federal prisoner who challenges the manner in which a sentence is implemented, as opposed to challenging the underlying legality of the conviction. *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)). As the Second Circuit has explained:

---

    [1]     The Clerk of Court is respectfully directed to amend the official caption as set forth above.

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona*, 243 F.3d at 632; *Chambers*, 106 F.3d at 474-75.

At the time he filed his Petition, Dean was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at Ray Brook FCI in New York. The BOP Inmate locator indicates that Dean has since been transferred from Ray Brook to Elkton FCI in Lisbon, Ohio (*see* https://www.bop.gov/inmateloc/ [Register Number 11907-058]). Elkton FCI is located in Columbiana County, Ohio, and, as such, falls within the jurisdiction of the Northern District of Ohio.

Pursuant to 28 U.S.C. § 2241(a), a petition for a writ of habeas corpus must be filed in the federal district court where the petitioner is incarcerated. At the time Dean initially filed his Petition, this Court was the proper venue because he was then incarcerated at Ray Brook FCI, which is within the Northern District of New York. However, once Dean was transferred from Ray Brook to Elkton, his § 2241 claims against Ray Brook became moot, as he was no longer confined at that facility and its warden no longer had custody over him. *See Hill v. Zenk*, 115 F. App'x 97, 97 (2d Cir. 2004) (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)).

Moreover, it appears that this Court is no longer the proper venue to hear Dean's § 2241 habeas claims. Because Dean is currently in custody at FCI Elkton, any § 2241 habeas petition arising out of his conditions of confinement must be brought in the appropriate district court in Ohio. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting

habeas relief 'within their respective jurisdictions.'" (citation omitted)); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) ("In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian.").

This Court has broad discretion under 28 U.S.C. § 1406(a)[2] to transfer cases to another judicial district. *See, e.g.*, *Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer [pursuant to § 1406(a)] is appropriate lies within the sound discretion of the district court."). Because Dean is still subject to the loss of 27 days of good time credit and may receive relief should the U.S. District Court for the Northern District of Ohio find his claims meritorious,[3] the Court tentatively concludes that transfer is appropriate here. *See Peon v. Thornburgh*, 765 F. Supp. 155, 156 (S.D.N.Y. 1991) (transferring § 2241 petition under 28 U.S.C. § 1406 "in the interest of justice [and] to avoid unnecessary delay of consideration of the petitioner's merits"). Before taking such action however, the Court will grant the parties an opportunity to address the issues that arise in light of Dean's prison transfer.

---

[2] That section provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[3] The Court notes that it expresses no opinion on the merits of Dean's claims.

**IT IS THEREFORE ORDERED THAT** the parties shall have until September 3, 2017, to respond to this Memorandum Decision. Once this Court has received responses, if any, the Court will enter final judgment or transfer this case as outlined above. Until that time, this decision will be subject to revision in conformity with Federal Rule of Civil Procedure 54(b).

Dated: August 3, 2017.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge
